# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KARLA HERNANDEZ, RUBEN ALBANIL, JOSE ALAN HERNANDEZ, GILBERTO GONZALEZ, JESUS FLORES, and ARACELI RODRIGUEZ,<br><br>      Plaintiffs,<br>v.<br><br>CHIPOTLE MEXICAN GRILL,<br><br>      Defendant. | Case No. 16-CV-571-JPS<br><br><br><br><br>**ORDER** |

    Plaintiffs filed an amended complaint on June 7, 2016, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (Docket #6). Defendant answered the amended complaint on June 20, 2016. (Docket #12). Currently before the Court is Plaintiffs' motion for voluntary dismissal, which they filed on October 10, 2016. (Docket #16). Defendant filed an opposition on October 19, 2016. (Docket #17). Pursuant to the Court's Local Rules and the Federal Rules of Civil Procedure, Plaintiffs' reply in support of their motion was due to be filed no later than November 7, 2016. Plaintiffs did not file a reply.

    Federal Rule of Civil Procedure 41 governs Plaintiffs' motion for voluntary dismissal. Because Defendant has answered the amended complaint, and because Defendant would not consent to the dismissal, Rule 41 provides that Plaintiffs can only obtain voluntary dismissal by court order and "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In considering whether to grant a motion under Rule 41(a)(2), the court must

examine whether the defendant will suffer undue prejudice from the dismissal. *Marlow v. Winston & Strawn*, 19 F.3d 300, 304 (7th Cir. 1994). Several factors guide this analysis, including "'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.'" *See Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008) (quoting *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir.1969)).

Under Rule 41(a)(2), the court can, in its discretion, impose conditions on dismissal that are necessary to offset possible prejudice the defendant may suffer. *Marlow*, 19 F.3d at 303; *McCall–Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985) (noting that conditions may be imposed as a *quid pro quo* for obtaining dismissal). One common condition is requiring the plaintiff to pay the defendant's reasonable attorney's fees and costs. *Marlow*, 19 F.3d at 305. Another permissible condition is dismissing the matter with prejudice, although dismissals under Rule 41(a)(2) are normally made without prejudice. *See* Fed. R. Civ. P. 41(a)(2); *Marlow*, 19 F.3d at 305. The Seventh Circuit has instructed that the plaintiff must be given a reasonable opportunity to withdraw the motion for voluntary dismissal if the court indicates that it will grant the requested dismissal but only with conditions the plaintiff has not previously agreed to. *Marlow*, 19 F.3d at 305.

The Court will first assess the *Pace* factors and then consider what conditions should be attached to Plaintiff's requested dismissal. First, although Defendant complains that it has expended significant effort in preparing Rule 26(a) disclosures and other discovery responses, (Docket #17

at 4), this case is still in its early stages. Defendant makes no showing that it has yet expended a substantial amount of money and time preparing this case for trial. Second, Plaintiffs appear to have been dilatory in their approach to this litigation. Defendant asserts, and Plaintiffs have not contested, that the only activity Plaintiffs have undertaken required little effort in the way of propounding or responding to discovery. *See id.*

Third, Plaintiffs offer no explanation whatsoever of the need for dismissal, stating only that "Plaintiffs desire to dismiss the case." (Docket #16 at 1). In an email to Defendant's counsel, Plaintiffs indicated their desire to refile this matter in state court as a class action. (Docket #17-8). Defendant believes the dismissal is also an attempt to avoid this Court's stringent trial scheduling order. (Docket #17 at 4). Without crediting Defendant's views regarding Plaintiffs' strategic outlook, the Court nevertheless finds that Plaintiffs have given little reason why dismissal is warranted. Finally, no summary judgment motion has been filed, so it does not appear that Plaintiffs are trying to avoid an adverse merits determination in seeking voluntary dismissal.

Discussion of the *Pace* factors reveals that while dismissal is not inappropriate given the early stage of these proceedings, Defendant may suffer a measure of unfair prejudice in having to defend a similar lawsuit to be filed in state court in the near future. In order to mitigate this potential prejudice, the Court will award Defendant its costs and reasonable attorney's fees as a condition of dismissal. However, Defendant cannot be reimbursed for expenses for items that will be useful in subsequent litigation, including a possible state-court class action involving these plaintiffs. *2010-1 SFG*

*Venture LLC v. EP Milwaukee, LLC*, No. 10–C–1079, 2011 WL 4431745, at *6 (E.D. Wis. Sept. 22, 2011) (citing *Woodzicka v. Artifex Limited*, 25 F. Supp. 2d 930, 934 (E.D. Wis. 1998)). Thus, counsel's time expended in answering the complaint and preparing basic discovery disclosures should not be compensated, since this sort of work would be useful in later litigation of these issues. *See id.*; *Cauley v. Wilson*, 754 F.2d 769, 772–73 (7th Cir. 1985). By contrast, time spent on removal proceedings should be compensated because it will be of no use in any subsequent action. Applying these principles to the time records Defendant submitted in connection with their opposition, the Court finds that Defendant should be awarded $1,055 in fees and $844 in costs. *See* (Docket #17-10).[1]

Consistent with settled precedent in this area, the Court will afford Plaintiffs an opportunity to accept the condition the Court intends to impose on their dismissal. *See 2010-1 SFG Venture LLC*, 2011 WL 4431745, at *6 (citing 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 2366). Plaintiffs must file a notice within seven days of the date of this order informing the Court whether they will accept the proposed condition or not. If Plaintiffs do not accept the condition, their motion for dismissal will be denied and they will be required to continue litigating this matter consistent with the schedule already put in place by the Court. If Plaintiffs do accept the condition, or if they fail to file the required notice, the Court's

---

[1] Defendant requested not only reimbursement for its fees and costs, but also that this matter be dismissed with prejudice, arguing that Plaintiffs' claims are clearly meritless. (Docket #17 at 5–6). The Court cannot assess at this early juncture whether Plaintiffs' claims have merit. It will, therefore, decline to impose the severe condition of dismissal with prejudice. *Marlow*, 19 F.3d at 305 (calling dismissal with prejudice an "extreme" condition of dismissal under Rule 41(a)(2)).

dismissal order, including the condition requiring payment of fees and costs, will become effective without further order of the Court.

Accordingly,

**IT IS ORDERED** that Plaintiffs shall file a notice no later than **December 9, 2016** indicating whether they will accept the Court's conditions of dismissal described above; and

**IT IS FURTHER ORDERED** that in the event Plaintiffs' notice indicates that they accept the Court's proposed condition of dismissal, or Plaintiffs do not file the required notice by the deadline stated above, the following orders will take effect:

**IT IS ORDERED** that Plaintiffs' motion to dismiss this action without prejudice (Docket #16) be and the same is hereby **GRANTED in part** and **DENIED in part**;

**IT IS FURTHER ORDERED** that this action be and is hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that as a condition of dismissal, Plaintiffs shall pay Defendant a total of $1,899.00, which represents Defendant's compensable attorney's fees and costs, within **fourteen (14) days** of the date this order becomes effective.

Dated at Milwaukee, Wisconsin, this 2nd day of December, 2016.

BY THE COURT:

s/ *J. P. Stadtmueller*
J.P. Stadtmueller
U.S. District Judge